3-0-8-0-8-9-7 Michael Ross, Emily by Kirkby, Lloyd v. Sherrod, Lee, M.D., Ellett by Fanlon, Davis, Gorkowski. Ms. Gorkowski. May it please the Court, Counsel. The trial court in this matter abused its discretion in granting plaintiff Lee to file their 622 compliance after expiration of the statutory 90-day period and without requiring a showing of good cause under Supreme Court Rule 183. Contrary to the plaintiff's position and the trial court's conclusion, the good cause requirement of Supreme Court Rule 183 applies to a request for an extension of time for filing a 2-622 affidavit and physician's report after the statutory period is expired. The background of this case, it's a medical malpractice case against an ENT, an ear, nose, and throat doctor for surgery on a sinus cavity. There was a 2003 filing. At the time of that filing, the plaintiff requested an extension saying that the statute of limitations was about to expire and so was granted the 90-day extension. In that case, within 90 days, the plaintiff asked for leave for an extension of time to file and filed after the 90-day period and that filing was in September 2003. And the physician's report is dated September 2003. And that was a physician who was knowledgeable in ophthalmological surgery and neurological surgery and not an ENT. Some discovery took place. An expert was deposed and the plaintiff non-suited. And then there was a refiling in September 2007. Plaintiff again filed an affidavit saying that the statute of limitations was about to expire and invoked the 90-day automatic extension. Then nothing happened within 90 days. Defendant filed a motion to dismiss. In response, plaintiff asked for leave to file their same 2003 physician's report and affidavit. The trial court allowed that and we're here on interlocutory appeal. Judge Huddle concluded that good cause is not required when the plaintiff ceased to file beyond the initial 90-day period based on two cases, McCaslin and Walter. And even though there was no extension within the 30 days. And so the history of 602 is it was enacted in 1985. Walter was in 1987, closely after the statute was enacted. And Walter said that the trial court abused its discretion in dismissing a case where in the initial filing of the complaint, the plaintiff had inadvertently failed to file the compliance. The trial court dismissed assuming it had no discretion to allow a late filing. And this court said that that was error to assume that there was no discretion and that because it was just inadvertently left off of the initial filing that the case should not be dismissed. Walter's McCaslin is a similar case. McCaslin similarly says that the trial court abuses its discretion if it assumes it has no discretion and dismisses the claim assuming that it cannot grant any extension. Later cases apply a good cause requirement when the 90-day statutory extension has expired. So the statute allows 90 days if you can't comply initially. So Batten is a 1989 case from this court which said that the trial court there properly exercises discretion when it dismissed a case where the plaintiff didn't comply with the statute's requirements within the 90 days and the plaintiff could not show good cause. So the court in that case didn't invoke Supreme Court Rule 183, but it said because there was no showing of good cause, the case was properly dismissed. And again, the 90 days had expired. And other appellate court cases have followed Batten. So Wasilewski, a 2nd District 1989 case, follows Batten, talks about good cause, again doesn't invoke Rule 183. But then Garland v. Cautin, a 4th District 1991 case, follows Batten. Again, the 90-day period had expired, and the court there said good cause is required under Supreme Court Rule 183. So does Cawthron, the 4th District case. That was reversed in part by viewpoint. Primo is a 2nd District case, specifically follows Batten. You said viewpoint, you mean vision point? Cawthron was reversed in part by viewpoint, correct. Vision point? Vision point, yes. Okay, I was going to say I was thinking that. Vision point, correct. I apologize. No, no, no, I'm sorry to interrupt you. I just wanted to make sure I wasn't missing your case. Well, it's good if I talk about it by the right name. Primo is a 2nd District case. It followed Batten and imposed a good cause requirement where the 90-day extension had passed. Primo says that the good cause is imposed by Rule 183 in conjunction with 2-1007 of the Code of Civil Procedure. And Jackson, a 2nd District 2008 case, says the same thing. It's 183 with 2-1007 that creates the good cause requirement. So we have a uniform body of cases that applies Rule 183, either alone or in conjunction with 2-1007, to impose a good cause requirement before an extension of time can be allowed after the initial 90-day period has passed. So the trial court here erred in concluding that the good cause requirement does not apply. Bright and viewpoint. I have viewpoint written here. But Bright and vision point. You can say it now, now that I know what you're talking about. Bright and vision point are clear on the requirement for good cause for an extension of time. So vision point says that a circuit court's discretion to allow an extension under 183 does not come into play until good cause is shown. And the burden of establishing the grounds is on the plaintiff. And according to vision point, a party must establish clear, objective reasons establishing good cause. So plaintiff has argued in this court that Rule 183 doesn't apply and the good cause requirement doesn't apply under Walter v. Hill. But under Walter v. Hill and under McCaskell. But again, those cases are limited to the initial filing. Those cases didn't involve an extension after the 90-day period had passed. And those cases are really cited just as precedent for that if a court assumes it doesn't have discretion, but that it has to dismiss that that's an abuse of discretion. So those cases don't help here and are distinguishable. And the argument that good cause is not required just ignores that entire body of case law. And really, if the plaintiff were right that 183 with or without 2-1007 were not in play, then the trial court wouldn't have discretion for an extension. Because there's nothing under 2-622 that would permit an extension past the 90-day period. So we know that Judge Heddle erred in not following this series of cases following that. Judge Heddle discussed whether there was good cause with the plaintiff's attorney on the record. And Vision Point doesn't delineate what good cause is. Vision Point specifically says that we're not going to define what good cause is. That's up to the trial court's discretion, and it won't be abused absent abuse of that discretion. So Judge Heddle did not conclude that there was good cause here. The plaintiff, in their supplemental response to the motion to dismiss, and at the hearing, said that this is what happened. That when they refiled in 2007, they thought maybe they would want to get another expert maybe. And they wanted to talk to this expert who had written the letter to say, is this still your opinion? And an associate was assigned to the case. The associate left the firm, and nothing was done within the 90-day period. The case was not docketed. In the hearings before the trial court, it was discussed that Vision Point had reversed Cothran and other appellate cases, which that body of appellate cases had said that inadvertence and attorney neglect can never constitute good cause. So Judge Heddle was aware that that had been reversed, and that the Supreme Court had said that's not the rule, that it can never constitute good cause. So he was aware of that. He talked about, he said he would make some findings. He asked the plaintiff, you know, what are your objective reasons for failing to get an extension or a file within the 90 days? And the plaintiff explained the situation. Judge Heddle said that he would take into account that they had received a previous extension in the previous case, but he said that, you know, this is a case where I forgot. It just didn't happen. And he said, when he asked the plaintiff, what is your good cause, what is your objective reason, he said, I don't want to leave you hanging, but the plaintiff cannot establish an objective reason for not filing on time. So here, he did not find good cause, and he abused his discretion in allowing the filing of the complaints after the 90-day period had passed, given that there was no good cause finding. The plaintiff, in their brief, says, well, can we have a hearing in the trial court now to try to establish good cause? In the trial court, they never indicated that they had additional facts or evidence to present to Judge Heddle. And not only that, it was their burden under VisionPoint and under the case that when they were asking for leave to file the affidavit and report after the 90 days, it was their burden of proof at that time to prove good cause. And so they failed to meet that burden of proof, according to Judge Heddle. And so it should be reversed, and the certified questions should be answered that there wasn't abuse of discretion. Okay. Any questions? Thank you, Mr. Perkins. Mr. Loy? May it please the Court. Counsel. The parties have a distinct disagreement here on whether Rule 103 or 183 even applies to statutes versus Supreme Court rules. Supreme Court 103 or 183, every case, at least addressed by the Supreme Court, addressed it with respect to extending a discovery deadline under Rule 216 for a failure to properly answer a request to admit within 28 days or where there was a defect in the answer within 28 days. So when this case came up before Judge Heddle, there was an Illinois Supreme Court case in McCaskell v. Sheinkamp that said the remedy for failure to file your 2622 report within the appropriate time, either with the original case or after 90 days, is not dismissal of prejudice. That is not the sanction available under the statute for failure to comply with 622. The Court said the remedy is to dismiss the case without prejudice and allow leave to refile. What's important in this case, and the reason the Court said that, is that the statute 622 is intended to prevent frivolous lawsuits, cases getting filed without merit. When you look at the facts in this case, the plaintiff always had a report signed by a physician, always. The plaintiff had that report timely, with an extension in the original case, which was never objected to once filed, and discovery proceeded on that report. That report was sufficient to defendants in the original case. Then when the plaintiff selected the non-suited, because the expert got emboldened and refiled, the plaintiff goes the extra mile and makes sure that the expert still agrees with that, he's still able to testify to that, but through inadvertence didn't attach it. Was this done to frustrate the statute and file a case that didn't have merit? No. It's a technical defect. And this Court, in the Walter case, following McCassell, the Supreme Court's statements in McCassell, said that that is a mere technical defect. The remedy is not to dismiss the case with prejudice. That is an abuse of discretion. So Judge Heddle is faced with a situation where, in the cases where the report actually existed when the case was filed, McCassell and Walter, the Court had said in both cases, it is a draconian act to dismiss this case with prejudice, and the legislature did not intend that. And that has been pointed out in subsequent cases in the 4th District, a case called Garland. I'm sorry, not Garland, Batten. And the cases that counsel pointed out, so we say when we're talking about a statute, not a Supreme Court rule about discovery or time to file an answer or a pleading, but where a statute addresses the requirements, Supreme Court Rule 183 does not control what the legislature intended and what should be done in terms of the remedy, or no remedy. And that's pointed out in Section 104 of the Civil Practice Act, that we shall do nothing that's contradictory to the intent of the legislature with respect to the statute, and our Supreme Court in McCassell has addressed that and said this is the intent. The intent is not to dismiss the case with prejudice on a form over substance basis. If you had the report, but you failed to file it through attorney inadvertence, which by the way was the exact facts in that case, and in the Walter case just mere failure to attach something that you knew you had, but for whatever reason didn't get put on the back of the complaint, we're not going to throw you out of court forever. We're going to let you get to your substantive rights in the case. The report was good enough, as I said in this case, for the defense to proceed on it in the original action, but now that it was inadvertently filed late in this action, suddenly they claim some prejudice that this case doesn't have merit because of a filing defect, which the third district in the McCassell court said is a technical defect that can be cured by amendment. Mr. Lloyd, I'd like to ask a question about the two cases, Walter and McCassell, because I think I read them a little differently than you seem to be reading them, and I will freely admit to you that my reading could be wrong. I just want to run it by you. It seemed to me that in Walter what this court was saying was that because the plaintiff had a right under 622A to file for the extension and that she inadvertently didn't file that affidavit, that there was no reason to foreclose her from proceeding with her suit since she had the right under the statute to an additional 90 days. Now, is that reading wrong of Walter? The cases, McCassell and Walter both address, well, what happens if you don't file a report with the original filing of the complaint as provided under paragraph A of 622? Okay. But the report existed. The same situation, the same rule applies, that what if under 622B you had a report or you were confirming that you had a report, so clearly you had a right to bring the action, but for some inadvertence, the same reason it didn't get filed within a time period of 90 days. I think that's a distinction without a difference. I think the rule of those cases is that where you have evidence of a meritorious action based on a report and you simply didn't attach it, the remedy is not to dismiss the case with prejudice. Okay, and that would bring us then to McCassell. And I thought that what the Supreme Court was saying in McCassell was that the trial court is not obligated to dismiss with prejudice, that a dismissal without prejudice is appropriate, but it didn't say that you can't ever have a dismissal with prejudice, did it? Oh, I read it quite differently. And in subsequent appellate cases, I read it the same way, that the legislature did not intend a draconian remedy of dismissal with prejudice. Now, there are cases, and this gets us into the 183 situation, there are cases that come in under 183 where the plaintiff has never taken any steps to get a report or investigate the merits of the case and hasn't shown anything being done for months and months at a time, and the court dismisses the case with prejudice. That, to me, maybe is an end run around the statute where you have tried to defeat the frivolous purpose or prevention of frivolous losses, but here there was no intent. That was not the intent of the plaintiff. The plaintiff had a report. In fact, when you read Vision Point, I read it again this morning, it specifically holds that mistake, inadvertence, or attorney neglect does not automatically stop an action. The bar is part of good faith or part of good cause. In fact, the court may receive evidence with respect to whether the party's original delinquency was caused by mistake, inadvertence, or attorney neglect. It doesn't have to go any farther. In other words, the court is saying, somebody forgot to do something that had in fact existed in a report that actually existed, supporting a valid case, and for some inadvertent reason it was not attached. The court does not have to dismiss that case with prejudice. It's that simple. Vision Point, I would argue, does not help the defendant's position here. Vision Point, in fact, went on to say it overruled the Cothran case where the Fourth District dismissed the case based on nothing but inadvertence at all. So that is overruled. You may consider whether inadvertence alone is the cause for the defect in the pleading, and they reversed Cothran based on those facts alone. So Judge Kettle, when he won this case, under McCassell, under Walter, and then later under Vision Point, still had the right to say, well, you know, I'm going to grant this. He sustained it or affirmed his decision to allow leave to amend to cure a defect because Vision Point says that these cases that hold mere inadvertence alone is a dismissal with prejudice have been overruled. They've been overruled. So, number one, when you look at the statute, 622, the Supreme Court rules are not to do any violence or do anything that interferes with the intent of the legislature in passing the statute. The plaintiff has demonstrated that it complied with that statute in the sense that it was not a frivolous case, that it had a meritorious report. It simply didn't get attached. It was a defect. And the plaintiff wants to get on with a substantive case. The second thing is that if you want to engraft 183 onto its interpretation of the statute, which I think is wrong, in fact, the court in Vision Point said that engrafting a rule about mere inadvertence onto the statute of a constant is overruled. If you want to do that, we want you to know that we have never said, well, we have never said or never held mistake, inadvertence, or attorney neglect is excluded as good cause shown. Never held it. And they don't hold it in Vision Point. So where you have a defect that's minor, the defense has known about the report for five years, accepted it and proceeded with discovery based on that same report in the original action. It now says, well, by the way, you didn't attach it. We waited until the 90 days were over to find out that you didn't attach it. We laid in the weeds. You know, a phone call. You didn't attach a report. Do you have a report? Oh, it's the same report. No, no, no. Now all of a sudden we are frustrating 622 and we should be dismissed with prejudice because what was good enough for them in the beginning is no longer good enough to proceed. So Plaintiff loses his rights over a failure to file something they took the steps to get. I don't think the Civil Practice Act, 622, or Section 106 in the beginning of the Act ever said that that was the intent of the statute. In fact, it says it's the opposite. It's to do justice, give plaintiffs their substantive rights in court, and not throw them out based on technical defects. Thank you very much. Thank you, Mr. Fine. And Ms. Kulkowski, any rebuttal? Plaintiff did not comply with 2-622 in the second case. Plaintiff says, well, we complied in the first case. That's good enough. But there is not an exception under 622 if it's a refiled case. The same rule applies in the second case. On a new case or a refiled case. The fact that they had the affidavit in their possession for the entire time that the case proceeded establishes a lack of good cause rather than the opposite. To say we had it all along and we didn't file it for five months after the case was filed I think establishes a lack of due diligence, not the opposite. Justice McDade is correct in what McCassell and Walter say. McCassell says that there's not a requirement that it be dismissed. Requiring a dismissal to be with prejudice is a triumph of form over substance. And then they hold the decision whether to grant leave to amend the pleadings is within the discretion of the trial court. And they overturned it because the court felt there was no discretion. That case makes clear that the court has discretion to dismiss. Walter v. Hill, there was some confusion about what the affidavit that was in existence. First the plaintiff said that she had an affidavit and then she filed an affidavit saying that she was unable to obtain a consultation before the expiration of the statute of limitations and this court allowed her to go ahead and file that. And that was done, her request to file the affidavit was made 64 days after the filing of the complaint, not after the expiration of the 90-day period here. Council saying that Rule 183 and its requirements of good cause don't apply, that's contrary to that whole body of cases that I talked about and there's no support in Illinois for that. A good cause requirement applies. It may be 183 in conjunction with 2-1007, but there's plaintiff cases that say it's just based on Rule 183. And either way, good cause is required. 622 is not inconsistent with 183. 183 actually advances the purposes of 622. 622 wants to make sure we have a meritorious claim. They want to make sure that we have a doctor, an expert who says this is meritorious. And the previous discovery, based on the representations of counsel in the hearing, did not establish that there was an ENT who said there was a deviation of the standard of care. I didn't read the deposition, but that's what Mr. Gorbal represents. And so there is a question whether we have a meritorious case here. And so 622 says you have to have an affidavit, you have to establish that you have a meritorious case, and it has to be done within certain timelines. And 2-622 grants an extension. If the statute of limitations is about to expire, it gives you an extension. Then 183 works with that and says, okay, even if 90 days has gone by, we'll work with you past what 2-622 gives you, and if you can show good cause, you can have an extension. And so 183 doesn't mandate dismissal, it doesn't mandate that you can have leave to a file for any reason. You have to have good cause. And so really those two statutes work together and protects plaintiff's rights, and they're not inconsistent. Here in the trial court, counsel's correct that VisionPoint says attorney inadvertence or neglect is not necessarily, the courts can't say that attorney inadvertence and neglect is never a good cause. That you have to look at all the circumstances of the case. But that's what Judge Huddle did. He looked at it, he spoke to counsel. He said, I find this to be a case of attorney neglect. It was discussed that the affidavit was in their possession ever since the filing of the case. They could have attached it when they initially filed it, and they missed the 90-day deadline. Nothing was done within the 90 days. They didn't ask for an extension. The court also considered that there was... What he found was that although it was attorney neglect, that it fit within VisionPoint's definition of what good cause was, ultimately, or could be. Leaving it, then, to the discretion of the trial court. Am I right? And then we have our own review problems here. Okay. VisionPoint says... VisionPoint, yes, Your Honor, says there is discretion in the trial court. That discretion does not arise until good cause is shown. First, they have to prove that. There's no discretion unless good cause is shown. And we've cited extensively, it's attached to our reply brief. Judge Huddle did not find good cause. Judge Huddle said, I do not find good cause here. I mean, not explicitly like that. He said, What are the objective reasons that it wasn't filed? And counsel gave an answer saying, Well, we had filed it in our previous filing. And Judge Huddle said, You're not answering my question, and I'm not going to leave you hanging there because you cannot show objective reasons here. This is attorney neglect. It was, I forgot. So Judge Huddle didn't come to the conclusion that there was good cause. Judge Huddle came to the conclusion that they could not show good cause, but that he felt constrained by Walter and McCassell to allow the filing even if there was no good cause. That's the error of law that Judge Huddle made. And he says that. Walter says, Walter and McCassell, he says, don't discuss 183, don't require good cause. So I'm going to allow the filing, even though he said there is no objective reason here that it wasn't filed, except I forgot. That's what he said. So he did not, under vision point, find good cause. He said that under McCassell and Walter, I don't need to find good cause. He found attorney neglect. He found attorney neglect. And he mentioned other circumstances, that there was a prior extension. So he didn't solely focus on that. He focused on the whole circumstances of the case. I mean, as I read what he says, I mean, he doesn't say, I'm not finding that there wasn't good cause. He's saying, I'm saying, I don't think there's an objective reason as in it got lost in the mail or something. He's saying, I think it wasn't here because somebody forgot. It just didn't happen. Not saying, and I'm saying that I don't think that's good cause. He's saying that that's not an objective outside, reason outside of your firm. I'm finding that something happened in your firm. And I don't think that vision point says that that can't be enough. I mean, I think vision point says, you know, if somebody in your office screwed up, that can be enough. Judge Heddle never says there is good cause. Judge Heddle says, can you... I'm reading it here. Can I just... Of course. On page 40, 168 of the appendix, I'll put to the question that vision point talks about. What are the objective reasons here that show there's good cause? So he's asking, what are the objective reasons that show good cause? And then on page 169 of the supporting record, I don't think there is an objective reason why it wasn't filed. And so I read that as saying, I don't find an objective reason establishing good cause. But at a minimum, he never says there is good cause. He never makes a finding or conclusion of good cause. And vision point says, there has to be good cause before there's any discretion. Can you follow up? Thank you, Ms. Goodhouse. Thank you. And I'd like to thank you both for your argument today. Kind of an interesting little case. We will take it under advisement, get back to you with a written disposition.